# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# PECOS DIVISION

Dr. Malcolm Tanner,            )
   Plaintiff,                )
                        )
v.                             )   Civil Action No. _____
                        )
Loving County Sheriff's Department,   )
Sheriff Dave Wes Landersman,   )
Chief Deputy Larry Pearson,    )
Deputy Abie Camacho,           )
Loving County, Texas,          )
   Defendants.                )

## COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND SHOW CAUSE ORDER

Plaintiff Dr. Malcolm Tanner brings this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985, and the First, Fourth, and Fourteenth Amendments to the U.S. Constitution, seeking injunctive and monetary relief against Defendants for ongoing and retaliatory violations of his constitutional rights.

This Complaint further seeks the issuance of an order directing Defendants to appear and show cause why they should not be enjoined and held accountable for repeated and escalating misconduct, including unlawful trespass and coordinated intimidation with third parties.

On August 14, 2025, Defendant Chief Deputy Larry Pearson again appeared near Plaintiff's private property located at 2985 Private Road 3008, Mentone, TX, without any legal purpose, court order, or consent. This marked yet another instance of unlawful presence following prior written objections and legal notifications.

On August 19, 2025, the pattern escalated significantly. Chief Deputy Pearson returned to Plaintiff's property accompanied by Eric Dexheimer, a reporter from the Houston Chronicle. They drove directly onto Plaintiff's private land and pulled up beside a vehicle occupied by Raheem, a lawful resident and eyewitness. Raheem directly informed both individuals they were trespassing, after which they retreated and left the property.

Following the incident, Eric Dexheimer sent a text message to Plaintiff and later engaged in a recorded phone call wherein he explicitly admitted he had entered Plaintiff's property without prior authorization, and that he was escorted there by Chief Deputy Pearson. Dexheimer further stated he obtained Plaintiff's number via a database and had not coordinated with Plaintiff in advance.

The coordinated intrusion by a law enforcement officer and a media agent represents not only continued retaliation but also a potential conspiracy to intimidate, surveil, or suppress Plaintiff's protected property and political rights.

These acts occurred after Plaintiff had already filed a Tort Claim Notice, issued cease and desist communications, and prepared filings for injunctive relief. Defendants have shown flagrant disregard for legal boundaries, and their conduct presents an imminent and ongoing threat to Plaintiff's rights.

Plaintiff therefore requests this Court to order Defendants to show cause as to why they have continued to engage in unlawful entry, intimidation, and media coordination, and to issue immediate injunctive relief to prevent further constitutional violations.

INTRODUCTION

1. This action is brought pursuant to the Constitution and laws of the United States to redress a pattern of unlawful conduct perpetrated under color of state law by Defendants, including the Loving County Sheriff's Department, its Sheriff, deputies, and the County itself.

2. Plaintiff, Dr. Malcolm Tanner, asserts that Defendants have engaged in a calculated campaign of harassment, intimidation, warrantless entry, and unlawful destruction of private property, in violation of his constitutional rights under the First, Fourth, and Fourteenth Amendments.

3. Defendants' actions were not only unlawful but retaliatory in nature, targeting Plaintiff for the public exercise of his political and property rights in one of the smallest and most insular counties in the United States.

4. Plaintiff seeks compensatory and punitive damages totaling $450 million, as well as injunctive and declaratory relief to prevent continued and future violations of his constitutional rights.

JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction).

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events or omissions giving rise to the claims occurred in Loving County, Texas, within the Western District's Pecos Division.

PARTIES

7. Plaintiff Dr. Malcolm Tanner is a United States citizen and property owner in Loving County, Texas, currently residing at 1304 S Grant Ave, Crawfordsville, Indiana.

8. Defendant Loving County Sheriff's Department is a governmental agency responsible for law enforcement in Loving County, Texas.

9. Defendant Sheriff Dave Wes Landersman is the elected Sheriff of Loving County and is sued in both his individual and official capacities.

10. Defendant Chief Deputy Larry Pearson is the Chief Deputy of the Loving County Sheriff's Department. He is sued in both his individual and official capacities, having personally engaged in and/or directed the unconstitutional conduct described herein.

11. Defendant Deputy Abie Camacho is a deputy sheriff employed by the Loving County Sheriff's Department and is sued in both his individual and official capacities. He personally engaged in, or aided and abetted, the unconstitutional conduct alleged herein.

12. Defendant Loving County, Texas, is a political subdivision of the State of Texas and is responsible for the actions, training, policies, and oversight of its officials, including its Sheriff and deputies.

FACTUAL ALLEGATIONS

13. Plaintiff owns the property located at 2985 Private Road 3008, Mentone, TX 79754, which is the subject of the unlawful entries, surveillance, and retaliatory conduct described herein.

14. Plaintiff has publicly advocated for political reform in the county, including plans to construct housing to increase population and voter turnout.

15. In response to Plaintiff's public political statements and activities, Defendants began a pattern of surveillance, intimidation, and unauthorized entry onto Plaintiff's land.

16. On multiple occasions, Defendants, including Chief Deputy Larry Pearson, entered Plaintiff's private property without any warrant, consent, or exigent circumstance. These entries were unjustified and unlawful.

17. Plaintiff repeatedly objected to these intrusions and notified Defendants that their presence constituted a trespass and a violation of his constitutional rights.

18. In addition to unlawful entries, several residential structures under construction on Plaintiff's property were demolished or destroyed without legal process or explanation. Plaintiff reasonably believes these acts were carried out or sanctioned by the Sheriff's Department.

19. These actions have caused Plaintiff to lose millions of dollars in construction, materials, labor, and business opportunity. The losses are compounded by emotional distress, reputational harm, and suppression of political expression.

20. On June 8, 2025, at approximately 5:00 PM Central Standard Time, individuals residing on Plaintiff's property witnessed uniformed officers unlawfully present on the land. The individuals who observed and spoke with the officers included Vernetta Carey, Diondra Norris, Zay Marez Johnson, and Johnathan Toney. These witnesses engaged with the officers immediately before Plaintiff contacted them to object to the unauthorized presence.

21. Prior to the encounter with law enforcement, at approximately 4:45 PM on the same day, Plaintiff received a suspicious and unsolicited text message from an unknown number. The sender, identifying himself as Virgilio Dieppa, claimed to be a neighboring property owner and inquired whether Plaintiff was interested in selling his parcel in Loving County. Given the timing and the rural, sparsely populated nature of the county (with only 89 residents spread across 667 square miles), Plaintiff viewed this outreach as highly unusual and potentially connected to the broader pattern of interference, intimidation, or surveillance.

CLAIMS FOR RELIEF

Count I - Unlawful Search and Seizure (Fourth Amendment, 42 U.S.C. § 1983)

22. Defendants, acting under color of state law, entered Plaintiff's private property without a warrant, consent, or legal justification, thereby violating his rights under the Fourth Amendment to the U.S. Constitution.

Count II - Retaliation for Protected Speech (First Amendment, 42 U.S.C. § 1983)

23. Plaintiff engaged in constitutionally protected political speech regarding local elections and public policy.

24. Defendants retaliated by targeting Plaintiff's property, disrupting construction, and threatening his right to organize politically.

Count III - Violation of Due Process (Fourteenth Amendment, 42 U.S.C. § 1983)

25. The destruction of Plaintiff's property without notice, hearing, or any lawful process constitutes a deprivation of property without due process of law.

Count IV - Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985(3))

26. Defendants, including known and unknown individuals, conspired to deprive Plaintiff of his constitutional rights based on his political speech and intentions to lawfully influence elections.

27. This conspiracy resulted in overt acts of intimidation, destruction of property, and interference with Plaintiff's political and property rights.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against all Defendants;

B. Award compensatory damages in the amount of Four Hundred Million Dollars ($400,000,000);

C. Award punitive damages in the amount of Four Hundred Million Dollars ($400,000,000) for willful and malicious misconduct;

D. Issue injunctive relief enjoining Defendants from further unlawful entry or interference with Plaintiff's property and activities;

E. Declare that Defendants' conduct violated Plaintiff's constitutional rights;

F. Award Plaintiff all costs incurred in this action, including reasonable attorney's fees, under 42 U.S.C. § 1988;

G. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____

Dr. Malcolm Tanner, Pro Se

1304 S Grant Ave

Crawfordsville, IN 47933

Tysonemmate@icloud.com

727-831-1421

08/20/2025