**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **DR. MALCOLM TANNER,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **PE:25-CV-00033-DC-DF** |
| | § | |
| **LOVING COUNTY SHERIFF'S** | § | |
| **DEPARTMENT, et al.,** | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT are Defendants' Motions to Dismiss. (Docs. 4, 15). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** that Defendants' Motions to Dismiss be **DENIED AS MOOT**. (Docs. 4, 15).

Plaintiff Dr. Malcolm Tanner ("Tanner") filed this action on August 21, 2025. (Doc. 1). In the months that followed, Defendants Loving County Sheriff's Department, Sheriff Dave Wes Landersman, Chief Deputy Larry Pearson, Deputy Abie Camacho, and Loving County, Texas, (collectively "Defendants") filed two Motions to Dismiss. (Docs. 4, 15). Defendants' first Motion to Dismiss was targeted at Tanner's original Complaint. (Doc. 4). Tanner then filed an untimely Amended Complaint without requesting leave, which the Court struck as deficient. (Doc. 6). Defendants then filed a second Motion to Dismiss targeted at Tanner's deficient first Amended Complaint. (Doc. 15). After the Court struck Tanner's first Amended Complaint, he filed a second

Amended Complaint with leave that is now the operative pleading in this case. (Doc. 17).

Both of Defendants' Motions to Dismiss should now be considered moot. (Docs. 4, 15). Defendants' second Motion to Dismiss mooted their first. *Ware v. Sailun Co., Ltd.*, No. 16-CV-3, 2017 WL 570806, at *2 (N.D. Miss. Feb. 13, 2017) (quoting *Parsons v. City of Houston*, No. 10-4302, 2011 WL 5040452, at *2 n.3 (S.D. Tex. Oct. 24, 2011)) (internal quotations omitted) (alteration in original) ("[A] defendant may moot an earlier motion to dismiss by filing a second motion advancing the same arguments raised in the [earlier] motion to dismiss."). Defendants' Second Motion to Dismiss is nearly identical to their first. (Docs. 4, 15).

The Court should also find that Defendants' second Motion to Dismiss is moot. "The filing of an amended complaint generally renders pending motions moot." *Stredwick v. Dall. Margarita Soc'y, Inc.*, No. 12-CV-623, at *1 (N.D. Tex. June 27, 2012) (citations omitted) (collecting cases); *Rodriguez v. Xerox Bus. Servs., LLC*, No. 16-CV-41, 2016 WL 8674378, at *1 (W.D. Tex. June 16, 2016) (citations omitted). Courts have found an amended complaint moots prior motions to dismiss where the amended complaint adds new claims and factual matter. *Maxim Integrated Prods., Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 14-CV-1030, 2015 WL 10990119, at *1 (W.D. Tex. Feb. 12, 2015) ("Especially given the substantive changes in the amended complaint, new causes of action, and more specific facts about the infringement that may go to the heart of the motion to dismiss, the Court finds State Farm's motion to dismiss is moot."); *Stevens v. St. Tammany Parish Gov.*, No. 20-928, 2020 WL 4219638, at *4 (E.D. La. July 23, 2020)

2

(citations omitted) ("[C]omprehensive amended complaints may effectively moot any pending motions that apply to the original filing."). Sometimes courts will treat an amended complaint as automatically mooting any prior motions and will deny the prior motions as moot without doing any analysis. *El Paso Area Trchs. Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, No. 16-CV-205, 2017 WL 5171857, at *4 (W.D. Tex. Mar. 8, 2017) (treating amended complaint as having automatically rendered motion for judgment on the pleadings moot).

Here, Tanner's Second Amended Complaint contains new factual matter. (Doc. 17 at 3) (detailing testimony of deputy about investigation of Tanner's properties). It also adds new defendants, Does 1–10. *Id.* at 1. And finally, there are differences in claims between the Complaints. *Compare* (Doc. 1) (asserting conspiracy to interfere with civil rights); *with* (Doc. 17) (declining to bring conspiracy claim). Given these substantive differences, Defendants should file a third motion to dismiss targeted specifically at Tanner's second Amended Complaint, which is now the operative pleading. (Doc. 17).

Accordingly, the undersigned **RECOMMENDS** that the Court **DENY AS MOOT** Defendants' Motions to Dismiss. (Docs. 4, 15).

SIGNED this 30th day of January, 2026.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation **by certified mail, return receipt requested**. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).